# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LOST IN REHOBOTH, LLC, )
a Delaware Limited Liability Company )
)
Plaintiff, )
v. )
)
BROADPOINT CONSTRUCTION, LLC, )
a Delaware Limited Liability Company )
) C.A. No. S21C-03-021 MHC
AND )
)
FISHER ARCHITECTURE, LLC )
a Maryland Limited Liability Company, )
)
Defendants. )

## OPINION AND ORDER

Submitted: February 28, 2025
Decided: May 22, 2025

*Upon Plaintiff's Motion to Amend and Motion to Reargue,* **DENIED.**

Edward Seglias, Esquire, COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C., Wilmington, Delaware, 19801, *Attorney for Plaintiff Lost in Rehoboth, LLC.*

Eric Scott Thompson, Esq., FRANKLIN & PROKOPIK, Newark, Delaware, 19711, *Attorney for Defendant Broadpoint Construction, LLC.*

Aaron E. Moore, Esquire, M. Claire McCudden, Esquire, MARSHALL DENNEHEY, P.C., Wilmington, Delaware, 19899, *Attorneys for Defendant Fisher Architecture, LLC.*

**CONNER, J.**

# INTRODUCTION

This case involves a series of claims related to a failed plan to build a restaurant on an undeveloped plot of land. The land is owned by 232 Rehoboth Avenue, LLC ("232 Rehoboth"), who is not a party to this suit. Plaintiff Lost in Rehoboth, LLC ("LIR") entered into an agreement (the "Ground Lease") with 232 Rehoboth to develop, operate, and lease a restaurant. LIR contracted with a general contractor, Defendant Broadpoint Construction, LLC ("Broadpoint") to build the restaurant. Broadpoint subcontracted with Defendant Fisher Architecture, LLC ("Fisher") for architectural plans. After the plan fell through, allegedly due to Broadpoint and Fisher's malfeasance, LIR and 232 Rehoboth entered into a contract ("the Liquidating Agreement") that allegedly entitled LIR to pursue claims on behalf of 232 Rehoboth.

This opinion and order addresses a series of legal questions raised by motions brought in the wake of a previous order[1] issued May 23, 2024, (the "Partial Summary Judgment Order"). The Court found the Liquidating Agreement did not enable LIR to claim lost rental income on behalf of 232 Rehoboth against Fisher and accordingly granted Fisher partial summary judgment. The Partial Summary Judgment Order declined to decide whether Delaware recognizes "liquidation agreements," also

---

[1] *Lost in Rehoboth, LLC v. Broadpoint Constr., LLC*, 2024 WL 2560982 (Del. Super. May 23, 2024).

known as "pass-through agreements" (hereinafter referred to as "liquidation agreements"). Even if Delaware were to apply the rules of jurisdictions recognizing liquidation agreements, the Liquidating Agreement did not allow 232 Rehoboth to bridge two degrees of contractual separation to reach privity against Fisher.

In response to the Partial Summary Judgment Order, LIR moved to amend its complaint attempting to revive 232 Rehoboth's lost rent claim. LIR contends that the Liquidating Agreement enables LIR to bring 232 Rehoboth's lost rent claim against Fisher because LIR is a third-party beneficiary to the contract between Broadpoint and Fisher. LIR also moved to reargue the liability determination of the Partial Summary Judgment Order in accordance with this new theory.

Since LIR's legal theory is contrary to Delaware law, the motion to amend the complaint and motion to reargue are **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

LIR sought to construct and operate a restaurant on property owned by 232 Rehoboth. LIR and 232 Rehoboth entered into a ten-year Ground Lease which defined the rental terms including an option to renew the lease for four additional five-year terms. LIR hired Broadpoint, the general contractor, to build the restaurant on the property. Broadpoint then contracted with Fisher, the subcontractor, to design the restaurant. Due to the alleged malfeasance of Broadpoint and Fisher, LIR

3

terminated the project on June 19, 2020. This termination constituted a breach of the Ground Lease.

On September 14, 2020, LIR and 232 Rehoboth entered into the Liquidating Agreement, which includes the following provisions:

> 3. Acknowledgment of Liability. LIR/AMG acknowledge liability to 232 Rehoboth for the Landlord Claims that could be asserted by 232 Rehoboth against LIR/AMG, and which 232 Rehoboth represents to include any and all claims on behalf of 232 Rehoboth against LIR/AMG, which Claims shall be fully liquidated as provided in the agreement as set forth herein….
>
> 4. Assignment of Landlord Claims and Representation of 232 Rehoboth Regarding Non-Assignment of Claims. 232 Rehoboth hereby forever assigns and transfers all of its rights and interests in the Landlord Claims to LIR to be pursued and liquidated in accordance with this Agreement….[2]

In the Liquidating Agreement, LIR acknowledged liability to 232 Rehoboth for the breach of the Ground Lease giving rise to the claim for lost rental income.[3] Additionally, the Liquidating Agreement assigned 232 Rehoboth's rights and interests in the lost rent claims arising from the breached Ground Lease to LIR, the breaching and admittedly liable party.[4] The Liquidating Agreement further clarified that 232 Rehoboth and LIR agree to split the proceeds of the lost rental income

---

[2] Liquidating Agreement at 6–7.
[3] *Id.* at 6.
[4] *Id.* at 7.

4

claims fifty-fifty.[5]  An expert witness opined the lost rental income owed by LIR to 232 Rehoboth ranges from $518,205 to $4,413,009.[6]

Ordinarily, the theory of liability would be that 232 Rehoboth would sue LIR for lost rental income, and then LIR would interplead Broadpoint, the general contractor.  This is because 232 Rehoboth never contracted directly with Broadpoint, and does not have a direct cause of action, instead requiring LIR's contractual links with both to serve as the proverbial "middleman" to establish privity.  In an ordinary case regarding liquidation agreements, a liquidation agreement would cut out the need for a middleman, whom in this case would be LIR.  Thus, 232 Rehoboth was supposed to sue Broadpoint to recover lost rental income.

Instead, LIR brought this suit in which 232 Rehoboth has never been a party. Almost half a decade later and near trial, it is too late for 232 Rehoboth to join. Furthermore, LIR settled its direct claims against Broadpoint, although Broadpoint remains a party defending crossclaims by Fisher.  Thus, LIR has been trying to recover lost rent claims against Fisher.

The Partial Summary Judgment Order addressed LIR's first gameplan.  LIR's first theory was:

> ". . . (1) LIR has admitted liability to 232 Rehoboth for breach of the Ground Lease, (2) LIR and 232 Rehoboth have agreed to liquidate that liability to the amount recovered in this action, and (3) LIR has agreed

[5] *Id.* at 9.
[6] Def. Fisher Architecture, LLC's Mot. for Partial Summ. J., Ex. F at 10.

to pass through the recovery to 232 Rehoboth, LIR can recover damages for lost rent [against Fisher]."[7]

The Partial Summary Judgment Order rejected this theory of recovery, finding that even if liquidation agreements are presumptively valid under Delaware law, the Liquidation Agreement could not be used to bridge the two degrees of contractual separation from 232 Rehoboth to LIR to Broadpoint to Fisher.[8] After this ruling, LIR moved to reargue and amend the complaint, which are the subject of this opinion and order.

LIR's second gameplan is to amend the complaint to replead the liquidation agreement claim through a theory of contractual third-party beneficiaries. LIR seeks to assert itself as an intended third-party beneficiary of the contract between Broadpoint and Fisher, and thus able to bring claims on behalf of 232 Rehoboth through the Liquidating Agreement. LIR argues that this theory only uses two contractual relationships, namely the Liquidating Agreement and the third-party beneficiary status of the Broadpoint-Fisher contract. LIR argues this solves the issue of two degrees of contractual separation that warranted the Partial Summary Judgment Order's dismissal of the lost rent claim. However, in LIR's Opening Post-

---

[7] Pl.'s Resp. in Opp'n to Def. Fisher Architecture, LLC's Mot. For Partial Summ. J. at 19.
[8] *Lost in Rehoboth, LLC v. Broadpoint Constr., LLC*, 2024 WL 2560982, at *3 (Del. Super. May 23, 2024).

Argument Brief, LIR concedes:

> Here, 232 Rehoboth had no contract with Fisher. Nor is there any language in the Fisher Contract to indicate that 232 Rehoboth was an intended third-party beneficiary of the Fisher Contract. Accordingly, 232 Rehoboth was not a third party beneficiary of the Fisher Contract. . . . Thus, 232 Rehoboth had no ability to bring a direct claim against Fisher.[9]

LIR originally moved to amend the complaint on July 26, 2024. After the parties submitted briefings, oral argument was held on December 19, 2024. After oral argument, the Court requested additional briefing of the parties. Briefs were submitted timely, with LIR's final reply brief filed February 28, 2025.

## ANALYSIS

Under Superior Court Civil Rule 15, the Court is directed to liberally grant amendments when justice so requires.[10] In the absence of prejudice to another party, this Court is required to exercise its discretion in favor of granting leave to amend.[11] Fisher's primary argument is that LIR should have raised the third-party beneficiary claim in response to Fisher raising it as an affirmative defense three years ago, calling this a delaying tactic for trial.[12] However, LIR and Fisher explored the affirmative defense in discovery and LIR extensively identified the material it plans to rely upon at trial to establish that LIR is a third-party beneficiary of the contract

---

[9] Pl.'s Opening Post-Arg. Br. in Supp. of Mot. for Leave to File Am. Compl. at 14.
[10] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).
[11] *Id.*
[12] *See* Def., Fisher Architecture, LLC's Answering Br. to Pl's Opening Br. in Supp. of Their Mot. for Leave to File Am. Compl. at 8–11.

between Fisher and Broadpoint.[13]  LIR further concedes that 232 Rehoboth is not a third-party beneficiary to the contract between Fisher and Broadpoint.[14]  Fisher did not identify any further discovery needed and essentially has been given LIR's gameplan in the briefings for this motion.

However, the real legal question for this motion is whether a third-party beneficiary may raise claims against a subcontractor on behalf of a party who is neither a party nor a third-party beneficiary based on a liquidation agreement, also known as a "pass-through agreement."  The Court still does not need to address the novel issue of Delaware's recognition of liquidation agreements since LIR's theory of liability runs contrary to existing law regarding third-party beneficiaries.

"A 'liquidation agreement' is a type of settlement agreement wherein the contracting parties liquidate or settle the dispute between them and agree to pass through some or all of the claims to a third party."[15]  The intent is that "[r]ather than having one dispute between the subcontractor and general contractor and another between the general contractor and the owner, a bargain is struck permitting the subcontractor to prosecute its claim directly against the owner with the general contractor acting as a conduit."[16]  "[Liquidation agreements] are premised on a

---

[13] *See* Pl.'s Opening Br. in Supp. of Mot. for Leave to File Am. Compl. at 6–11.
[14] Pl.'s Opening Post-Arg. Br. in Supp. of Mot. for Leave to File Am. Compl. at 14.
[15] 3 Bruner & O'Connor on Construction Law § 8:59.
[16] *Id.*

contractor's liability to its subcontractor; therefore, the contractor must have some liability upon which to base the [liquidation agreement]."[17]  The underlying policy justification in recognizing liquidation agreements is to bridge gaps in privity and reduce litigation by allowing liability to one another to be resolved in one suit instead of two.[18]

All of this is to say that liquidation agreements do not create new forms of liability but rather reduce litigation when there is a straightforward chain of liability. This is reflected by Texas requiring that liquidation agreement claims must be presented through an intervening party who has a contractual relationship with both parties[19].  Both New York and New Jersey require the imposition of liability upon a party for a third-party's increased costs, thereby providing the first party with a basis for legal action against the party at fault.[20]  In short, there must be valid legal claims underlying a liquidation agreement for the liquidation agreement to be effective.

The rules regarding a contracting party's liability to third-party beneficiaries is well-settled law in Delaware.

> As a general rule, a nonparty to a contract has no legal right to enforce it.  This general rule yields to the notion that intended third-party beneficiaries have an enforceable right under contracts conferring a benefit to them, even though they are not parties to those contracts.  The

---

[17] *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 619 (Tex. 2004).

[18] *See Morse/Diesel, Inc. Trinity Indus., Inc.*, 875 F.Supp. 165, 174–75, 174 n.13 (S.D.N.Y. 1994), *rev'd on other grounds*, 67 F.3d 435 (2d Cir. 1995).

[19] *See Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 610 (Tex. 2004).

[20] *See Toys R Us, Inc. v. Schimenti Const. Co.*, 2015 WL 7783615, at *2 (N.J. Super. Ct. App. Div. Dec. 4, 2015).

general rule does apply, however, to prevent mere incidental beneficiaries from claiming enforceable rights under a contract.[21]

If parties to the contract did not intend to benefit a third party but the third party happens to benefit from the performance of the contract either indirectly or coincidentally, such third person has no rights under the contract.[22]

Here, LIR concedes that 232 Rehoboth is not a third-party beneficiary to the contract between Broadpoint and Fisher.[23] Thus, the general rule applies that 232 Rehoboth is not allowed to raise claims for lost rent against Fisher for defective performance under the Broadpoint-Fisher contract. LIR's theory of the case would permit 232 Rehoboth to enter into a contract allowing LIR to recover 232 Rehoboth's damages against Fisher, even though 232 Rehoboth itself cannot assert damages against Fisher. This would ignore fundamental limits to contractual liability and therefore is contrary to Delaware law. The possibility that LIR may be able to establish LIR as a third-party beneficiary does not change the fact 232 Rehoboth lacks third-party beneficiary status.

A fundamental rule to contract damages is that a breaching party is legally responsible for the risks that it foresaw or reasonably should have foreseen at the

---

[21] *Comrie v. Enterasys Networks, Inc.*, 2004 WL 293337, at *2 (Del. Ch. Feb. 17, 2004) (citations omitted).
[22] *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. Super. 1990) (citing *Insituform of N. Am., Inc. v. Chandler*, 534 A.2d 257 (Del. Ch. 1987)).
[23] Pl.'s Opening Post-Arg. Br. in Supp. of Mot. for Leave to File Am. Compl. at 14.

10

time the contract was made.[24]  LIR admitted that 232 Rehoboth is not a third-party beneficiary to the contract between Broadpoint and Fisher and that 232 Rehoboth could not bring a direct claim against Fisher.  This is essentially an acknowledgment that LIR has no evidence Fisher could reasonably foresee 232 Rehoboth's lost rent damages.  Accordingly, Fisher should not be held liable for lost rent.  LIR may not use a liquidating agreement to extend contractual liability beyond the fundamental limits of third-party beneficiary rules.

Even if this Court were to recognize the validity of liquidation agreements today, the one who would be liable to 232 Rehoboth would be Broadpoint, not Fisher.  The fact that LIR settled with Broadpoint prior to any court rulings regarding LIR's novel arguments does not make Fisher any more liable.  Further, the fact that LIR and 232 Rehoboth agreed to split potential recovery against Fisher does not make LIR and 232 Rehoboth automatically entitled to recovery against Fisher for lost rents.

### CONCLUSION

Ultimately, LIR is not allowed to assert lost rent claims suffered by 232 Rehoboth against Fisher.  The motion to amend and motion to reargue are hereby **DENIED.**

---

[24] *Honeywell Int'l Inc. v. Air Prods. & Chems., Inc.*, 872 A.2d 944, 953 (Del. 2005).

11

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

cc:  Prothonotary